**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **A.S.C.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-19-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION** | : | |
| **CENTER,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

**RECOMMENDATION OF DISMISSAL**

Pending before the Court is Petitioner's application for habeas corpus relief (Doc. 1) and "Emergency Motion for Order Requiring Petitioner's Immediate Return to United States Jurisdiction and for Contempt Sanctions" (Doc. 5) and Respondent's motion to dismiss (Doc. 7).

On February 13, 2026, Respondent notified the Court that Petitioner had been removed from the United States. In support, Respondent submitted an I-205 Warrant of Removal/Deportation showing that Petitioner was removed from the United States on February 2, 2026. (Doc. 7-5). Due to Petitioner's removal, Respondent moves to dismiss his petition as moot. (Doc. 7). It is hereby **RECOMMENDED** that the motion to dismiss be granted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. CONST. art. III, § 2). "The doctrine of mootness derives

1

directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (quotations and citation omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotations and citations omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

In this case, Petitioner sought an order granting him a writ of habeas corpus and release from custody. (Doc. 1). Petitioner has since been removed from the country and, according to Respondent, is no longer in Respondent's custody. (Doc. 7-1, ¶ 12). Because the Court can no longer give Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citations omitted).

Several of the cases Petitioner cites in his emergency motion (Doc. 5) and response (Doc. 9) do not stand for the proposition for which they are cited. Most significantly, Petitioner directs the Court to *Singh-Kaur v. I.N.S.*, 183 F.3d 1147 (9th Cir. 1999) for the proposition that removal during a pending court proceeding is unlawful. (Doc. 5, p. 17). Specifically, Petitioner states that

> [I]n *Singh-Kaur*, 183 F.3d 1147 (9th Cir. 1999), the INS removed an alien while her habeas petition was pending. The Ninth Circuit held:
> • The court retained jurisdiction despite removal
> • The removal violated the court's jurisdiction

• The court could order the alien's return
The court stated: "When the government removes an alien during pending habeas proceedings without court approval, it violates the court's jurisdiction and denied the alien meaningful judicial review. Id. at 1149.

(*Id.*).

There are several errors or inaccuracies in Petitioner's reliance on *Singh-Kaur*. First, the petitioner in that case was not removed during the pendency of the relevant habeas proceeding. 183 F.3d at 1149. Next, the United States Court of Appeals for the Ninth Circuit did not hold that "the court retained jurisdiction despite removal," that "the removal violated the court's jurisdiction," or that "the court could order the alien's return." (Doc. 5, p. 17). Nowhere in the Ninth Circuit's opinion does the court address jurisdiction post-removal. *See Singh-Kaur*, 183 F.3d at 1147–53. Finally, Petitioner quotes language that he purports is from *Singh-Kaur* and supports his position. (Doc. 5, p. 17). Not only is the quoted language nonexistent in the cited to page, the quote does not appear anywhere in the case or in any other case that the Court could find.

The Ninth Circuit's holding in *Singh-Kaur* is inapplicable to this case. In *Singh-Kaur*, the court of appeals was considering the appeal of a removal decision from the Bureau of Immigration Appeals. District courts do not have jurisdiction to review removal orders. The Immigration and Nationality Act vests such review exclusively in the courts of appeals:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal**

3

entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added).

The statute further provides that district courts do not have jurisdiction to review the decision to execute an order of removal:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title,no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter

8 U.S.C. § 1252(g).

This Court's jurisdiction in habeas goes only to the Petitioner's confinement and does not authorize the Court to interfere with removal proceedings. As Petitioner is no longer in confinement, there is no relief that this Court can now grant.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 7) be **GRANTED** and Petitioner's application for habeas corpus relief (Doc. 1) and emergency motion (Doc. 5) be **DISMISSED as moot**.

## **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of April 2026.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge